4



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. B. Caudle
County Attorney
Mt. Vernon, Texas

Dear Sir:

Opinion No. O-462
Re: Whether stamp tax must be
paid upon recording of oil
and gas lease assignment
which contains reservation
of oil payment.

In your letter of December 3, 1939, you en-
close copy of an assignment of an oil and gas lease from
Lawrence S. Flannery to Sklar Oil Corporation upon cer-
tain lands situated in Franklin County, Texas, and con-
taining also the following paragraph:

"In addition to the cash consideration
being paid for this lease there is hereby re-
served by the said Lawrence S Flannery the addi-
tional sum of $48,000.00, same to be paid from
an undivided 1/8th of 7/8ths of all the oil
and gas produced from the land covered by this
assignment, same to be paid as, if and only
when such oil is produced and not otherwise.
And all pipe line companies or other purchasers
of oil are hereby authorized and directed to
make payment direct to the said Lawrence S
Flannery for the proceeds of said oil. Pro-
vided however, in addition to the other things
herein conveyed by the said Lawrence S Flannery,
the said Lawrence S Flannery does give and grant
unto the said Sklar Oil Corporation the express
right and option within six months from this
date, to purchase said oil obligation at and
for the sum of $35,000.00, and any amounts re-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. F. E. Caudle, Page 2

ceived by the said Lawrence S Flannery from the
oil produced from said property shall be credited
on said amount of $35,000.00."

You request our opinion as to whether or not such
instrument must be stamped in accordance with Article
7047a, Vernon's Civil Statutes, before it is entitled to
record. That Article reads, in part, as follows:

"(a) Except as herein otherwise provided
there is hereby levied and assessed a tax of
Ten (10¢) Cents on each One Hundred($100.00)
Dollars or fraction thereof, over the first Two
Hundred ($200.00) Dollars, on all notes and ob-
ligations secured by chattel mortgage, deed of
trust, mechanic's lien contract, vendor's lien,
conditional sales contract and all instruments
of a similar nature which are filed or recorded
in the office of the County Clerk under the
Registration Laws of this State; provided that
no tax shall be levied on instruments securing
an amount of Two Hundred ($200.00) Dollars, or
less. After the effective date of this Act,
except as hereinafter provided, no such instru-
ment shall be filed or recorded by any County
Clerk in this State until there has been af-
fixed to such instrument stamps in accordance
with the provisions of this section;"

The interest retained by the assignor, Lawrence
S. Flannery, in the above instrument was not merely that
of a lien to secure the payment of the sum of $48,000.00.
On the other hand, the interest so retained is one in the
land. O'Connor, et al v. Quintana Petroleum Co., et al,
by the Supreme Court, decided on November 22, 1939, and
not yet reported; Danoiger Oil & Ref. Co. v. Christian
109 S. W. (2) 980; Sheppard v. Stanolind Oil & Gas Com-
pany, 125 S. W. (2) 643. Such being true, the instrument
is not subject to the tax inquired about.

Yours very truly

APPROVED DEC 18, 1939

ATTORNEY GENERAL OF TEXAS

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_
Glenn R. Lewis
Assistant

APPROVED OPINION COMMITTEE BY _BWB_ CHAIRMAN

GRL:BT